UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN RAUL LOPEZ ESTRADA, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF LABOR AND INDUSTRIES, <br><br> Defendant. | Case No. 3:23-cv-05354-TMC <br><br> ORDER DISMISSING IN FORMA PAUPERIS CASE |

This matter comes before the Court at the recommendation of Chief Magistrate Judge David Christel in his Order Granting Application to Proceed In Forma Pauperis. Dkt. 8. On March 21, 2023, pro se Plaintiff Christian Raul Lopez Estrada filed his complaint against Defendant Department of Labor and Industries (the "Department"), Dkt. 1, 10, and on May 19, 2023, moved for leave to proceed in forma pauperis ("IFP"). Dkt. 7. The Court referred the motion to Judge Christel, who granted Mr. Lopez Estrada's application to proceed IFP but recommended review of the case under 28 U.S.C. § 1915(e)(2)(B) because "based on the allegations in the proposed complaint, it does not appear Plaintiff has adequately stated a claim." Dkt 8. Having reviewed Mr. Lopez Estrada's complaint and the balance of the record, the Court

ORDER DISMISSING IN FORMA PAUPERIS CASE - 1

finds that he does not state a claim for which relief can be granted. Accordingly, the Court DISMISSES the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. REVIEW OF THE COMPLAINT

Mr. Lopez Estrada alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 at 3. He asserts that he suffered a workplace injury requiring "treatment and special care." *Id*. at 5. This injury presumably took place in Washington state while Mr. Lopez Estrada held an H2A visa for temporary work. *See id*. at 4 ("I arrived with a federal permit with the so-called H2A visa.") Mr. Lopez Estrada does not specify which federal statutes, treaties, or provisions of the United States Constitution are at issue. He seeks the following relief: "May my health recover as it was before the work accident and if the specialists say they can't do that, let them pay me the damage for labor compensation." *Id*. at 6. Mr. Lopez Estrada has filed three letters to the Court regarding this case. Two letters (Dkt. 11, 13) are written in Spanish, which the Court cannot review. *See United States v. Rivera-Rosario*, 300 F.3d 1, 56 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."). The first and third letters append medical, legal, and financial documents related to his work injury and current circumstances. Dkt. 11, 15.

## II. DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotations omitted). Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

ORDER DISMISSING IN FORMA PAUPERIS CASE - 2

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Mr. Lopez Estrada's complaint fails to state a claim on which relief may be granted and seeks monetary relief against a defendant who is immune. He names the Department as defendant, but the Department cannot be sued by Mr. Lopez Estrada for damages in federal court, *see* Dkt. 1 at 6 ("let them pay me the damage for labor compensation"), because it is a state agency. *See Pauline v. State of Hawaii Dep't of Pub. Safety*, 773 F. Supp. 2d 914, 921 (D. Haw. 2011) (citing *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.2d 1036, 1040 (9th Cir. 2003)). "State agencies are immune from private suits for damages or injunctive relief in federal court pursuant to the Eleventh Amendment." *Id*.

There are three exceptions to a state agency's immunity from private lawsuits for damages or injunctive relief: (1) if the agency waives its immunity, (2) if the United States Congress, with constitutional authority, removes the agency's immunity, or (3) if the relief sought is for prospective relief. *See id*.

In this case, neither the Department nor Congress has waived the Department's immunity and Mr. Lopez Estrada seeks monetary damages for a past injury. *See* Dkt. 1 at 4–6. This means

ORDER DISMISSING IN FORMA PAUPERIS CASE - 3

none of the exceptions to the Department's immunity from Mr. Lopez Estrada's lawsuit apply here, and he would be unable to cure the deficiency in his complaint with amendment. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). The Court therefore finds that Mr. Lopez Estrada's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted and seeks monetary relief from a defendant who is immune.

### III.   CONCLUSION

For the reasons stated above, the Court DISMISSES this action with prejudice under 28 U.S.C. § 1915(e)(2)(B). Because any appeal would be frivolous, IFP status should be revoked if Mr. Lopez Estrada chooses to appeal. 28 U.S.C. § 1915(a)(3); *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of January, 2024.

_____
Tiffany M. Cartwright
United States District Court Judge